MICHIGAN PORTLAND CEMENT CO. v. GENERAL BUILDERS
SUPPLY CO.

1. CONTRACTS—ELECTION—WAIVER.

Where cement was billed to the purchaser at prices higher than that fixed in the contract, of which fact it had knowledge, it was put to an election to accede thereto or to stand upon the contract, and its payment of the higher prices constituted a waiver of its rights under the contract; there being no question of duress or compulsion.

2. SAME—EVIDENCE—ADMISSIBILITY.

In an action on a contract for the sale of cement, where said contract expressly recognized a contract for its resale by the purchaser, there was no reversible error in bringing to the record said resale contract.

3. TRIAL—INSTRUCTIONS—WAIVER—BURDEN OF PROOF.

On the issue as to whether defendant had waived its right to insist on the price fixed in the contract sued on, the instructions to the jury held, sufficient to challenge attention to the fact that the burden of proof of waiver rested on plaintiff.

¹Sales, 35 Cyc. pp. 125, 126; ²Id., 35 Cyc. p. 567 (Anno); ³Id., 35 Cyc. p. 576.

Error to Wayne; Merriam (De Witt H.), J.  Submitted June 23, 1927.  (Docket No. 56.)  Decided December 1, 1927.  Rehearing denied January 19, 1928.

Assumpsit by the Michigan Portland Cement Company against the General Builders Supply Company on a contract for the sale of cement.  Judgment for plaintiff.  Defendant brings error.  Affirmed.

*Daniel P. Cassidy,* for appellant.

*Wilkinson, Lowther, Wilkinson & O'Connell,* for appellee.

WIEST, J.  This case, under verdict of the jury, involves the doctrine of waiver.  March 20, 1922, under written contract, plaintiff sold defendant 15,000 barrels of cement, for resale to Kenneth M. DeVos, to be shipped in car load lots of about 1,000 barrels each month.  The price per barrel was fixed in the contract.  Six thousand six hundred sixty-three barrels were shipped and billed at the contract price up to August 5, 1922.  After that date shipments were made and billed at higher prices and such prices were paid by defendant, except for the last three car load lots, amounting to 573 barrels.  This suit was brought to recover for the 573 barrels.  Plaintiff claimed an oral agreement under which the contract price was increased after August 5, 1922.  This defendant denied, and claimed the higher prices were paid in order to get the cement and made counterclaim for $2,183.94, the excess paid over the contract price.  The jury awarded plaintiff the contract price for the 573 barrels, thereby finding against the claimed verbal agreement increasing the contract price, and also that, by payment for all but the 573 barrels at the increased prices, defendant waived right to insist upon the

contract price, and, having so paid, had no counter-claim.

If such payments constituted a waiver of the contract price, then defendant must rest content with the judgment.   At the time the price was first increased there was a coal shortage, and defendant was afraid the cement would not be furnished if the increased price was not paid, and so made payments, but with the undisclosed intention to insist later on the contract price.   When the cement was billed at prices higher than that fixed in the contract, defendant was put to an election to accede thereto by payment, or to stand upon the contract.   Defendant knew the contract price, knew the higher prices demanded were contrary to contract right, and by payment relinquished right to the contract price and cannot now reclaim such right.   We have in mind the exception to the doctrine of waiver based upon duress or compulsion, but find no reason for its employment in this case.

There was no reversible error in bringing to the record the contract between defendant and DeVos. The contract between plaintiff and defendant expressly recognized contract relations between defendant and DeVos.   We think the instructions to the jury sufficiently challenged attention to the fact that the burden of proof upon the question of waiver rested on plaintiff.   We find no reversible error.

Affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, FELLOWS, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.